I write to cite the excellent and pertinent casenote prepared by Alvin T. Prestwood, Esquire, while a law student, onSmith v. General Motors Corp., 227 F.2d 210 (5th Cir. 1955), Note, Evidence — Relevancy — An Inference Based on a Seriesof Inferences — The Test of Equally Reasonable Inferences, 8 Ala.L.Rev. 396 (1956), in support of the portion of the majority opinion styled "Inference on an Inference."
I also write to cite Annot., "Applicability of Res Ipsa Loquitur Doctrine Where Objects Being Transported Fall From Motor Vehicles," 66 A.L.R.2d 1266 (1959), and supplements. As of August 21, 1991, there are 18 cases cited, 16 of which hold that the doctrine of res ipsa loquitur applies "where an object being transported by motor vehicle has fallen therefrom."
From the evidence, the trier of facts could reasonably infer that the truck bench seat in the middle of a busy highway came out of or off a motor vehicle that was *Page 1225 
traveling on that highway. The trier of facts could also reasonably infer that a truck bench seat does not come out of or off a motor vehicle that is traveling on a busy highway and remain in the highway without warning to the traveling public that an obstruction is within the highway but for negligence on the part of the operator of that motor vehicle.
The evidence that the truck bench seat was in the highway,ipso facto, requires that the summary judgment be reversed and that the uninsured motorist claim be submitted to a jury.
MADDOX, J., concurs.